UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEVIN SWARTHOUT,**
**Individually and on behalf**
**of all others similarly situated.**

    **Plaintiff,**

**v.**

                                **CASE NO.:**

**FREIGHTCENTER, INC.,**
**MATTHEW BROSIOUS, ALI CHOINIERE,**
**AMY VAN NESS, AND JAMIE SMITH,**

    **Defendants.**
_____/

## COLLECTIVE COMPLAINT

    Plaintiff, Kevin Swarthout, individually and on behalf of all those similarly situated, sues Defendants, FreightCenter, Inc., Matthew Brosious, Ali Choiniere, Amy Van Ness, and Jamie Smith, and alleges as follows:

### INTRODUCTION

    1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated. Plaintiff and those similarly situated was or were employed by Defendants as inside sales employees and were denied proper compensation as required by federal and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

    2.    This action is made up of all inside sales employees, including but not limited to Carrier Sales Representatives or other positions with substantially similar job titles and/or duties (the "Putative Collective") who work or have worked for FreightCenter at any time within three years prior to this action's filing date (the "Collective Period").

## PARTIES, JURISDICTION & VENUE

3. Plaintiff is an adult who at all material times, was a resident of Pinellas County, Florida. Plaintiff was employed by Defendants from mid 2013 to late 2015 and early 2017 to late 2019 in Palm Harbor, Florida. Plaintiff was employed as Carrier Sales Representative or other similar job title. Plaintiff was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

4. FreightCenter is a Florida corporation with its principal place of business in Pinellas County, Florida.

5. Matthew Brosious is an adult citizen of the State of Florida. Brosious is an owner of FreightCenter. He exercises significant control over its operations as one of its owners and as President & Chief Executive Officer. According to information published by FreightCenter online, Matthew Brosius co-founded FreightCenter, and his "vast understanding of the freight industry, along with his savvy computer, technical and networking skills have proven to be an invaluable asset to FreightCenter's rapid success and growth. His tenacity when working with various carriers during the beginning steps of the company's existence has transformed the company to where it stands today." See www.freightcenter.com/about/leadership (visited December 4, 2020).With respect to Plaintiff and the Punitive Class, he had and exercised substantial supervisory roles, substantial influence over financial affairs and operational control, substantial influence over day-to-day operations and Plaintiff's employment, and substantial influence over compensation and payroll policies and procedures. As such, he is subject to liability under the FLSA.

6. Alison Choiniere is an adult citizen of the State of Florida. Choiniere exercises significant control over the operations of FreightCenter as its Chief Operating Officer. According to information published by FreightCenter online, Alison Choiniere "oversees the daily operations

of all departments including customer service, purchasing, human resources, recruiting, training, marketing, and the resolutions department. Her strong understanding of current operations allow[s] her to meet the needs of both the customer base and operational departments. Choiniere's unparalleled dedication and loyalty to FreightCenter contributes to her fully knowing the ins and outs of all operational departments." See www.freightcenter.com/about/leadership (visited December 4, 2020). With respect to Plaintiff and the Punitive Class, Alison Choiniere had and exercised substantial supervisory roles, substantial influence over financial affairs and operational control, substantial influence over day-to-day operations and Plaintiff's employment, and substantial influence over compensation and payroll policies and procedures. As such, she is subject to liability under the FLSA.

7. Amy Van Ness is an adult citizen of the State of Florida. Van Ness exercises significant control over the operations of FreightCenter as its Chief Financial Officer. According to information published by FreightCenter online, Amy Van Ness "manages the finances of FreightCenter through financial audits of each department as well as overseeing the Accounting Department." See www.freightcenter.com/about/leadership (visited December 4, 2020). With respect to Plaintiff and the Punitive Class, Amy Van Ness had and exercised substantial supervisory roles, substantial influence over financial affairs and operational control, substantial influence over day-to-day operations and Plaintiff's employment, and substantial influence over compensation and payroll policies and procedures. As such, she is subject to liability under the FLSA.

8. Jamie Smith is an adult citizen of the state of Florida. Smith exercises control over the operations of FreightCenter as the Director of Logistics. According to information published by FreightCenter online, Defendant Jamie Smith's "best skill set [i]s managing and leading

people" and "has taken on a sizable portfolio that will give him the opportunity to recruit top talent and build winning teams in a variety of areas," including "Inside Truckload Sales that originate from freightcenter.com," "Outside Truckload Sales that reach out to businesses with regularly scheduled truckload shipments," "Operations Recruitment that attract the most efficient, effective and trustworthy carrier operators," "Strategic Partnerships with association members," and "Business Development." See blog.freightcenter.com/expert-of-the-month-jamie-smith-director-of-logistics (visited December 4, 2020). With respect to Plaintiff and the Punitive Class, Defendant Jamie Smith had and exercised substantial supervisory roles, substantial influence over day-to-day operations and Plaintiff's employment, and substantial influence over compensation and payroll policies and procedures. As such, he is subject to liability under the FLSA.

9. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. §203(d), (g).

10. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 et seq.

11. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

12. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendants operate in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

13. FreightCenter is a freight logistics/brokerage company.

14. Plaintiff worked for Defendants as a Carrier Sales Representative, and/or similar job titles, out of Defendants' office in Palm Harbor, Florida. His job duties included working with FreightCenter agents to book their trucks and negotiating sales within pre-determined parameters set by FreightCenter.

15. Defendants employ numerous other Carrier Sales Representatives or individuals with similar job titles who also perform similar duties, all of which are part of the inside sales employees for FreightCenter.

16. At all times material, Plaintiff and other inside salespersons were engaged in commerce as defined by Section 207(a)(1) of the FLSA.

17. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

18. Plaintiff and the Punitive Collective were improperly classified as exempt from FLSA's overtime requirements and paid a salary plus commissions.

19. Plaintiff and the Punitive Collective employed by Defendants during the last three years regularly worked more than 40 hours in a workweek without receiving overtime compensation. During these weeks, Defendants did not provide Plaintiff or other inside salespersons with overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked over 40 during those workweeks.

20. Rather than pay Plaintiff and the Punitive Collective one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, Defendants misclassified Plaintiff and the Punitive Collective as exempt from overtime pay, and did not compensate them for any overtime hours worked.

21. Plaintiff worked, on average, approximately on average 10 to 15 hours of overtime each week.

22. Plaintiff worked, on average, an additional 10 to 15 hours of overtime during at least one weekend per month.

23. Plaintiff and the Punitive Collective who worked for Defendants were not required to keep timesheets or otherwise track their time.

24. Defendants knew Plaintiff and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay overtime wages.

25. Defendants required the Punitive Collective to work more than 40 hours per week.

26. Defendants did not maintain a formal PTO plan and regularly deducted pay if Plaintiff or members of the Putatitve Collective missed a workday.

27. Federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendants had a duty to investigate and research its obligations under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as Inside Sales Representatives for FreightCenter. The proposed collective is defined as follows:

> All inside sales employees persons for FreightCenter, including but not limited to Carrier Sales Representatives and other positions with similar job titles and/or duties, who were classified as exempt at any time within three years prior to the commencement of this action (the "Putative Collective").

29. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

30. Plaintiff and the Putative Collective are or were employed by Defendants within the meaning of the FLSA.

31. Defendants paid Plaintiff and the Putative Collective a salary and commissions, and classified them as exempt employees.

32. Defendants improperly classified Plaintiff and the Putative Collective as exempt from the FLSA's overtime pay requirements.

33. Plaintiff and the Putative Collective routinely worked over 40 hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked.

34. Defendants were both aware of and required this overtime work. Specifically, it was Defendants' policy and practice to encourage Plaintiff and members of the Putative Collective to work overtime.

35. Defendants were aware that Plaintiff and the Putative Collective worked under these conditions. Despite that knowledge, Defendants denied them overtime compensation.

36. Defendants uniformly misrepresented to Plaintiff and the Putative Collective that they were exempt employees and therefore ineligible to receive overtime pay. In reality, Plaintiff and the Putative Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.

37. For example, Plaintiff and the Putative Collective performed inside sales work for Defendants. This entailed working with agents to book their trucks or negotiating sales with carriers within pre-determined limits defined by Defendants. Plaintiff and the Putative Collective did not have the authority to determine what products were offered or what price would be charged outside of a pre-determined limit. The relevant job duties of Plaintiff and the Putative collective

were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

38. Defendants failed to make, keep, and preserve records of the hours worked by Plaintiff and the Putative Collective.

39. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the Putative Collective.

40. Defendants' conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the Putative Collective. Defendants is and was aware that Plaintiff and the Putative Collective performed non-exempt work that required overtime pay.

41. Defendants are aware of the FLSA's requirements.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Putative Collective.

43. Notice of this action should be sent to the Putative Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### COUNT I – FAIR LABOR STANDARD ACT – FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the Putative Collective against All Defendants)

44. Plaintiff re-alleges and incorporates Paragraphs 1 through 43.

45. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

46. FreightCenter is an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

47. Plaintiff and the Putative Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

48. Plaintiff's primary duty, when he was a Carrier Sales Representative or the same position with any similar title, did not involve managing FreightCenter or managing any customarily recognized department or subdivision of FreightCenter.

49. Plaintiff, when he was a Carrier Sales Representative or the same position with any similar title, did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

50. Plaintiff, when he was a Carrier Sales Representative or the same position with any similar title, did not have the authority to hire or fire other employees and his suggestions or recommendations as to the hiring, fiing, advancement, promotion or any other change of status of other employees were not given particular weight.

51. Plaintiff's primary duty, when he was a Carrier Sales Representative or the same position with any similar title, was not the performance of work directly related to the management or general business operations of FreightCenter or its customers.

52. Plaintiff's primary duty, when he was a Carrier Sales Representative or the same position with any similar title, did not include the exercise of discretion and independent judgment with respect to matters of significance.

53. Plaintiff's primary duty, when he was a Carrier Sales Representative or the same position with any similar title, was not making sales or obtaining orders or contracts for services or for the use of facilities for which a consideration would be paid by the client or customer.

54. Plaintiff, when he was a Carrier Sales Representative or the same position with any similar title, was not customarily or regularly engaged away from FreightCenter's place or places of business.

55. Plaintiff and the Putative Collective have worked more than 40 hours per week for Defendants during the applicable time period.

56. Defendants have not properly compensated Plaintiff or the Putative Collective for their overtime hours as required by the FLSA.

57. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the Putative Collective.

58. Defendants knew Plaintiff and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the Putative Collective wages at the required overtime rates. See 29 U.S.C. § 255.

59. Defendants' willful failure and refusal to pay Plaintiff and the Putative Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

60. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Putative Collective, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

62. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and the Putative Collective have suffered and will continue to suffer a loss of income and other damages.

Plaintiff and the Putative Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiff individually and on behalf of the Putative Collective, respectfully request that this Court:

i. Designate of this action as a collective action on behalf of Plaintiff and those similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

ii. Enter judgment that Plaintiff and the Putative Collective are non-exempt employees entitled to protection under the FLSA;

iii. Enter judgment against Defendants for violations of the overtime provisions of the FLSA and award an amount equal to Plaintiff's and the Putative Collective's unpaid back wages at the applicable overtime rates, including all pre and post-judgment interest;

iv. Find that Defendants' violations of the FLSA are willful;

v. Award Plaintiff and the Putative Collective liquidated damages;

vi. Award Plaintiff and the Putative Collective all costs and attorneys' fees incurred prosecuting this claim; and

vii. Grant such other and further relief, in law or equity, as this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury against Defendants.

**[Attorney's signature appears on the following page.]**

Dated: December 7, 2020                    Respectfully submitted,

*/s/ William J. Cantrell*
**WILLIAM J. CANTRELL**
Florida Bar No. 1013254
Primary email: wcantrell@czeblaw.com
**DORRELLA L. GALLAWAY**
Florida Bar No.: 63892
Primary E-mail:  dgallaway@czeblaw.com
Secondary E-mail: lcaulder@czeblaw.com
CANTRELL ZWETSCH, P.A.
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
T: 800.698.6650
F: 813.448.2094

Matthew A. Crist, FBN 0035539
cristm@cristlegal.com
**CRIST LEGAL | PA**
2904 West Bay to Bay Boulevard
Tampa, FL 33629
Telephone: (813) 575-5200
Facsimile: (813) 575-2520